## UNITED STATES of America, Plaintiff—Appellant,

v.

## Justin Douglas ORTMANN, Defendant—Appellee.

### No. 08–50168.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 27, 2009.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth Carpenter, Esquire, Michael J. Raphael, Esquire, Anne M. Voigts, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Mark Yanis, Huntington Beach, CA, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

The government appeals the sentence imposed following Justin Douglas Ortmann's guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court suspended the imposition of sentence and imposed a five year term of probation with a condition that Ortmann spend twelve months in custody during the probationary period. We have jurisdiction

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pursuant to 28 U.S.C. § 1291, and we vacate and remand.

The government argues that the district court lacked the authority to suspend the imposition of sentence, and to impose a fixed term of imprisonment as a condition of probation. We agree. *See United States v. Murillo*, 548 F.3d 1256, 1257 (9th Cir.2008) (explaining that district courts do not have the power to suspend the imposition of a sentence, nor can a district court impose a constant period of imprisonment as a condition of probation); *see also* United States Sentencing Guidelines Manual, Ch. 7, Part A, § 2(a) (2007). Accordingly, we vacate and remand the sentence.[1]

This panel retains jurisdiction over any future appeals in this case.

**VACATED and REMANDED.**

---

1. We note that the district court did not have the benefit of our decision in *Murillo* at the time this case was decided.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.